**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FAHED TAWALBEH, | **Hon. Renée Marie Bumb** |
| Petitioner, | |
| v. | Civil Action No. 09-3693 (RMB) |
| JEFF GRONDOLSKY, | **OPINION** |
| Respondent. | |

**APPEARANCES**:

    FAHED TAWALBEH, #04552-084
    F.C.I. Fort Dix West
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**BUMB**, District Judge

Fahed Tawalbeh filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence of 430 months.  Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I.  BACKGROUND**

After a jury sitting in the United States District Court for the Western District of Virginia found Petitioner guilty of conspiracy to commit arson in violation of 18 U.S.C. § 371, arson in violation of 18 U.S.C. § 844(i), and use of a destructive device (Molotov cocktail) during and in relation to a crime of

violence (arson) in violation of 18 U.S.C. § 924(c), on March 6, 1998, United States District Judge Samuel G. Wilson sentenced him to an aggregate 430-month term of imprisonment.  See United States v. Abed, 2000 WL 14190 at *4 (4th Cir. Jan. 10, 2000); (Pet. ¶ 3).  Petitioner appealed, arguing, inter alia, that the evidence was insufficient to sustain his conviction for use of a destructive device during an in relation to a crime of violence, and that the district court erred in sentencing him to a mandatory, consecutive 30-year sentence under 18 U.S.C. § 924(c) for using a Molotov cocktail to commit the arson.  Id. at **5, 12.  The Court of Appeals expressly rejected Petitioner's arguments that he could not be convicted as a principal because he had no direct involvement with the Molotov cocktail, and that he could not be convicted as an aider and abettor because he did not directly facilitate the use of a Molotov cocktail:

> Michael Witt, a customer of the Speedway Market, testified that Tawalbeh asked him to burn down the Corner Store "several times" and told him to use a Molotov cocktail to do so. According to Chisom, the conspirators had a meeting with Tawalbeh a week before the Corner Store fire and conversed in Arabic. Amar subsequently translated the conversation for Chisom, informing him that Tawalbeh wanted the Corner Store burned because it was taking away business from the Speedway Market, that he would pay $2,000 for the job, and that the Corner Store would be burned with a Molotov cocktail. This testimony is sufficient to support a reasonable factfinder's conclusion that Tawalbeh participated at the planning stage in the illegal use of a Molotov cocktail, had

>     knowledge of the result, and intended to
>     bring about that result. In any event, under
>     a Pinkerton theory of liability, it was
>     certainly reasonably foreseeable to Tawalbeh
>     that the conspirators would use a Molotov
>     cocktail to burn down the Corner Store and
>     that the destruction of a competitor, the
>     Corner Store, was in furtherance of the
>     conspiracy. Accordingly, we hold that the
>     Government's evidence was sufficient to
>     convict Tawalbeh of using a destructive
>     device during and in relation to a crime of
>     violence, in violation of 18 U.S.C.A. §
>     924(c) and 18 U.S.C.A. § 2.

United States v. Abed, 2000 WL 14190 at *12.  The United States Supreme Court denied certiorari on May 15, 2000.  See Tawalbeh v. United States, 529 U.S. 1121 (2000) (No. 99-9019).

   Petitioner filed his first motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255, in the sentencing court on November 6, 2000, arguing, inter alia, that the evidence was insufficient to prove beyond a reasonable doubt his involvement in the arson of the store, the evidence was insufficient to convict him of aiding and abetting the use of a Molotov cocktail, and that the sentence should be vacated because the jury foreman stated to defense counsel after the jury was discharged that the jury had misread the court's instructions. See Tawalbeh v. United States, 2001 WL 1274562 **2, 3 (W.D. Va. Oct. 19, 2001).  Judge Wilson rejected these grounds without an evidentiary hearing, finding that they were either raised on direct appeal, procedurally defaulted, or without merit.  Id. After conducting an evidentiary hearing on one of Petitioner's

ineffective assistance of counsel claims, Judge Wilson denied the § 2255 motion in its entirety by order filed February 22, 2002. See Tawalbeh v. United States, 2002 WL 32494503 (W.D. Va. Feb. 22, 2002).  On January 8, 2003, the Fourth Circuit denied a certificate of appealability, and on May 30, 2003, the Circuit granted panel rehearing and again denied a certificate of appealability.  See United States v. Tawalbeh, 65 Fed. App'x 465 (4th Cir. 2003).  On November 3, 2003, the Supreme Court denied certiorari.  See Tawalbeh v. United States, 540 U.S. 999 (2003).

On March 26, 2007, Petitioner filed his second § 2255 motion in the sentencing court.  See Tawalbeh v. United States, Civ. No. 07-0145 (JLK) (W.D. Va. filed March 26, 2007).  On April 9, 2007, Senior United States District Judge Jackson L. Kiser dismissed the motion as a prohibited successive petition.

Petitioner, who is now incarcerated at F.C.I. Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 claiming that newly discovered evidence shows that Petitioner is actually innocent of conspiracy to commit arson, arson, and use of a Molotov cocktail in relation to a crime of violence, and that his incarceration is accordingly a miscarriage of justice.  (Pet., Grounds One - Four.)  In his memorandum of law, Petitioner contends:

> (1) The evidence "was best tenuous and failed to convincingly establish that Tawalbeh knowingly and intentionally entered into an

4

>   agreement to commit arson" (Mem. of Law,
>   Issue 1) (Docket entry 1-2 at p. 13);
>
>   (2) The affidavits of Chris Womack and co-
>   defendant Rayed Fawzi Abed show that the
>   testimony of Mikael Witt was fabricated and
>   that Petitioner had nothing to do with the
>   conspiracy (Mem. of Law, Issue II) (Docket
>   entry #1-2 at p. 35);
>
>   (3) The affidavits show that he is actually
>   innocent of aiding and abetting use of a
>   Molotov cocktail (Mem. of Law, Issue III)
>   (Docket entry #1-2 at p. 37);
>
>   (4) The jury instruction violated due process
>   because it did not require the jury to find
>   unity of purpose (Mem. of Law, Argument and
>   Fact) (Docket entry 1-2 at p. 39);
>
>   (5) The jury foreman told defense counsel
>   after the jury was discharged but before
>   sentencing that the jury made a mistake with
>   respect to Petitioner's conviction (Mem. of
>   Law, Argument and Fact) (Docket entry #1-2 at
>   p. 41).

Several affidavits are attached to the Memorandum of Law. Kimberly Spradlin avers that she has known Petitioner since 1989; she was present in September or October of 1994 when Fahed Tawalbeh sold his store to Joseph Abed; she told defense counsel that she was willing to testify to same; although she testified, defense counsel did not ask her about the sale. (Docket entry #1-3 at pp. 2-3.) Rayed Fawzy Abed avers that Petitioner is an innocent man falsely convicted of crimes and that Abed did not conspire with Petitioner or attempt to conspire with Petitioner. (Docket entry #1-2 at p. 24.) Patricia Khaled asserts that she bought a convenience store from Khaled Al Rawashdeh in February

1996; after she changed the alcohol license to her name, in October 1996, she sold the store back to Khaled Al Rawashdeh and Joseph Abed. Petitioner asserts in an affidavit that he met with the Assistant United States Attorney prior to trial with the intention of cooperating; Joseph Abed and Amar Abed threatened to kill his six-year old son if he testified against them; on the morning that Petitioner met with the Assistant United States Attorney, Petitioner telephoned his grandmother, who was caring for his son, and learned that a relative of the Abed family had visited his son that day; and Petitioner did not cooperate. (Docket entry #1-3 at p. 29.)

## II. DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §

2255.[1]  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see also Dorsainvil, 119 F. 3d at 251. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Cradle, 290 F.3d at 539.

In this case, § 2255 is not inadequate or ineffective for his claim of actual innocence because the evidence Petitioner

---

[1] Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

presents is not new and the sentencing court could have, or did, entertain the same claims. A review of the factual allegations in the affidavits of Spradlin, co-defendant Abed, Khaled and Petitioner demonstrates that the facts asserted therein were known to Petitioner prior to his sentence. Spradlin and Khaled state that Petitioner sold his store to Joseph Abed, that Abed transferred ownership to Khaled in order to obtain a liquor license, and that Khaled sold it back to Joseph Abed and Khaled Al Rawashdeh. This is not newly discovered evidence, since Petitioner obviously knew about his own sales contract. The affidavit of co-defendant Rayed Abed does not show that § 2255 was inadequate or ineffective, since all Abed says is that Petitioner is an innocent man, a determination rejected by the jury. Petitioner's own affidavit sets forth no new evidence, since Petitioner was aware of the threats to kill him and his son before he decided to go to trial. Moreover, Petitioner essentially presented the same arguments to the sentencing court, which denied relief under § 2255. Because the sentencing court either could have or did entertain Petitioner's claims, § 2255 is not inadequate or ineffective for Petitioner's challenges to his sentence. <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954). This Court will therefore dismiss the Petition for lack of jurisdiction.

### III. CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: October 15, 2009